# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| M.I-S., a minor, by and through her Next Friend, AMANDA WEST, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. _____ |
| MATTHEW RIDER, | ) ) | State Cause No. 1816-CV01050 Jackson County, Missouri |
| Defendant, | ) ) | |
| and Victoria Automobile Insurance Company, | ) ) | JURY TRIAL DEMANDED |
| Intervenor. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Intervenor Victoria Automobile Insurance Company ("Victoria"), by its undersigned attorneys, hereby removes this action from the Missouri Circuit Court for the Sixteenth Judicial Circuit, Jackson County, Missouri, to the United States District Court for the Western District of Missouri. In support of this Notice, Victoria states as follows:

### I. STATE COURT PROCEEDINGS

1. On January 16, 2018, an Application to Confirm Arbitration Award was filed in the Missouri Circuit Court for the Sixteenth Judicial Circuit, Jackson County, Missouri, in a civil action styled *M.I-S. vs. Matthew Rider*, No. 1816-CV01050 (hereinafter "State Court Action"). A copy of the Application to Confirm Arbitration Award is attached hereto as Exhibit A, and will hereinafter be referred to as "the Complaint."

1

2. In the Complaint, Plaintiff M.I-S. ("Plaintiff") alleges that she engaged in arbitration with Defendant Matthew Rider ("Rider") resulting in an arbitration award in her favor and against Rider. Plaintiff seeks a judgment confirming the arbitration award.

3. On January 25, 2018, Victoria first received notice of the filing of the Complaint when Rider's counsel sent a copy of the Complaint to Victoria's counsel by email.

4. On January 26, 2018, Victoria filed its Motion to Intervene as a Matter of Right in the State Court Action pursuant to RSMo § 537.065.2. The state court granted Victoria's motion on February 1, 2018, and that same day Victoria filed its Answer and Affirmative Defenses to the Complaint.

5. On February 1, 2018, in the State Court Action, Rider filed a Counterclaim Against Intervenor Victoria for Insurance Coverage alleging that Victoria wrongfully denied coverage for Plaintiff's claim against Rider and refused to unconditionally defend Rider. A copy of the Counterclaim Against Intervenor Victoria for Insurance Coverage is attached hereto as Exhibit B, and will hereinafter be referred to as "the Counterclaim." The Counterclaim seeks a determination from the state court that an insurance policy from Victoria covers Plaintiff's claim against Rider.

## II. GROUNDS FOR REMOVAL

6. This action is removable to this Court under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446 because it is a dispute between citizens of different States, no properly joined defendant is a citizen of Missouri, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**A. Diversity of Citizenship**

7. Plaintiff and her Next Friend are citizens and residents of Cape Girardeau County, Missouri.

8. Matthew Rider is a citizen and resident of Cape Girardeau County, Missouri.

9. Victoria is an insurance company incorporated and organized under the laws of the State of Ohio. Victoria's principal place of business is located in Ohio. Victoria is therefore a citizen of Ohio.

10. Although the state court proceedings have aligned M.I-S. as a plaintiff and Rider as a defendant, "it is well established that the designation of parties as plaintiff or defendant in the pleadings is not controlling in determining jurisdiction." *Dryden v. Dryden*, 265 F.2d 870, 873 (8th Cir. 1959). It is the duty of federal courts "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). To avoid a realignment, there must be an actual and substantial controversy between two parties. *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966).

11. In the State Court Action, Plaintiff's and Rider's interests are completely aligned against Victoria. Plaintiff and Rider entered into an agreement on January 5, 2018, in which Plaintiff agreed not to enforce any award or judgment against Rider, and Rider agreed not to oppose any award or judgment entered against him. See Exhibit C, Agreement between Plaintiff and Rider, ¶¶ 18, 20. Rider also agreed to pursue all potential claims against Victoria, and provide Plaintiff with any proceeds obtained against Victoria (after deducting Rider's attorney's fees). *See* Exhibit C, ¶ 25.

3

12. Consistent with that Agreement, on January 19, 2018, Rider filed a Response to [Plaintiff's] Application to Confirm Arbitration Award in which Rider indicated that he was not opposing the Complaint. *See* Exhibit D.

13. There is no question that both Plaintiff and Rider seek to have the arbitration award confirmed and a judgment entered against Rider, as they are working together to collect any such eventual judgment against Victoria. In fact, Rider (and his attorneys) are essentially working as the agents for Plaintiff to obtain proceeds from Victoria for the benefit of Plaintiff. Moreover, with respect to Rider's Counterclaim, both Plaintiff and Rider are equally interested in a finding of insurance coverage against Victoria. *See Randolph v. Employers Mut. Liability Ins. Co. of Wis.*, 260 F.2d 461, 464 (8th Cir. 1958) ("Even if [defendant] were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to [his] interest to have the judgment against him satisfied by his insurer"). Thus, in this case, the true dispute is between Plaintiff and Rider on one side (both citizens of Missouri) and Victoria (a citizen of Ohio) on the other. There is simply no actual or substantial conflict between Plaintiff and Rider, and therefore, the Court should realign the parties.

14. To the extent that there are numerous cases from federal district courts in Missouri that have declined an insurance company's request to realign parties upon removal from Missouri state court (*see e.g. Hart v. Knockerball MidMo, LLC*, No. 17-CV-04182, 2017 WL 6209235 (W.D. Mo. Dec. 8, 2017)) those cases are distinguishable from the instant case because, unlike here, those cases involved garnishment proceedings in Missouri state court pursuant to RSMo. § 379.200. The State Court Action does not involve a garnishment proceeding under RSMo. § 379.200.

15. Therefore, upon proper realignment of the parties, this dispute is between citizens of different States pursuant to 28 U.S.C. § 1332(a)(1).

16. The "direct action" exception in 28 U.S.C. § 1332(c)(1)[1] does not apply in this case, because Rider's Counterclaim is a claim by the insured against his own insurer. *See Chinnock v. Safeco Nat. Ins. Co.*, No. 10-CV-04105, 2010 WL 2803056 (W.D. Mo. July 15, 2010).

**B.    Amount in Controversy Exceeds $75,000**

17. In the State Court Action, Plaintiff seeks to have an arbitration award confirmed in the amount of $20,400,000. *See* Complaint, Ex. 1 (Arbitration Award) and Ex. 2 (Proposed Judgment). Thus, there is no question that the amount in controversy in this case exceeds $75,000.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

18. This Notice of Removal is being brought within 30 days of Victoria first receiving the Complaint and being served with the Counterclaim. Therefore, this Notice of Removal is brought within the time required by 28 U.S.C. § 1446. A complete copy of the file in the State Court Action is attached hereto as Exhibit E. Thus, pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents on file with the Circuit Court for Jackson County are attached hereto.

19. The Circuit Court for Jackson County, Missouri is located within the Western Division of the Western District of Missouri. See 28 U.S.C. §§ 105(b)(1), 1441(a).

---

[1] That section states that in certain circumstances an insurer will be deemed a citizen of the State of which the insured is a citizen.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and Rider and a copy is being filed with the Clerk of the Circuit Court for Jackson County. *See* Notice to Plaintiff of Filing Notice of Removal.

21. A defendant's notice of removal need include only a short and plain statement of the grounds for removal containing plausible allegations supporting removal. A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). If the factual basis is challenged, discovery on the limited issues affecting jurisdiction should be permitted. *Id.* at 965-965.

WHEREFORE, Victoria Automobile Insurance Company respectfully removes this action from the Circuit Court of Jackson County, in the State of Missouri, bearing the cause number 1816-CV01050, to this Court.

Dated: February 12, 2018

                                        Respectfully submitted,

                                        WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER LLP

                                        By: */s/Daniel E. Tranen*
                                            Daniel E. Tranen, #48585
                                            101 West Vandalia Street, Suite 220
                                            Edwardsville, IL 60625
                                            Phone: 618-307-4895
                                            Fax: 618.307-0221
                                            daniel.tranen@wilsonelser.com

                                            *Attorneys for*
                                            *Victoria Automobile Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Victoria Automobile Insurance Company's Notice of Removal was served by U.S. Mail, postage prepaid, on February 12, 2018, upon the following:

Tim E. Dollar
Tom Hershewe
Dollar Burns & Becker, L.C.
1100 Main Street, Suite 2600
Kansas City, Missouri 64105

*Counsel for Matthew Rider*

Alan S. Mandel
Mandel & Mandel, LLP
1108 Olive Street, Fifth Floor
Saint Louis, Missouri 63101

*Counsel for Plaintiff*

By: /s/ *Daniel E. Tranen*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| M.I-S., a minor, by and through her Next Friend, AMANDA WEST, ) ) ) Plaintiff, ) ) vs. ) ) MATTHEW RIDER, ) ) Defendant, ) ) and Victoria Automobile Insurance Company, ) ) Intervenor. ) | Case No. _____ State Cause No. 1816-CV01050 Jackson County, Missouri JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Intervenor Victoria Automobile Insurance Company ("Victoria"), by its undersigned attorneys, hereby removes this action from the Missouri Circuit Court for the Sixteenth Judicial Circuit, Jackson County, Missouri, to the United States District Court for the Western District of Missouri. In support of this Notice, Victoria states as follows:

### I. STATE COURT PROCEEDINGS

1. On January 16, 2018, an Application to Confirm Arbitration Award was filed in the Missouri Circuit Court for the Sixteenth Judicial Circuit, Jackson County, Missouri, in a civil action styled *M.I-S. vs. Matthew Rider*, No. 1816-CV01050 (hereinafter "State Court Action"). A copy of the Application to Confirm Arbitration Award is attached hereto as Exhibit A, and will hereinafter be referred to as "the Complaint."

1

2. In the Complaint, Plaintiff M.I-S. ("Plaintiff") alleges that she engaged in arbitration with Defendant Matthew Rider ("Rider") resulting in an arbitration award in her favor and against Rider. Plaintiff seeks a judgment confirming the arbitration award.

3. On January 25, 2018, Victoria first received notice of the filing of the Complaint when Rider's counsel sent a copy of the Complaint to Victoria's counsel by email.

4. On January 26, 2018, Victoria filed its Motion to Intervene as a Matter of Right in the State Court Action pursuant to RSMo § 537.065.2. The state court granted Victoria's motion on February 1, 2018, and that same day Victoria filed its Answer and Affirmative Defenses to the Complaint.

5. On February 1, 2018, in the State Court Action, Rider filed a Counterclaim Against Intervenor Victoria for Insurance Coverage alleging that Victoria wrongfully denied coverage for Plaintiff's claim against Rider and refused to unconditionally defend Rider. A copy of the Counterclaim Against Intervenor Victoria for Insurance Coverage is attached hereto as Exhibit B, and will hereinafter be referred to as "the Counterclaim." The Counterclaim seeks a determination from the state court that an insurance policy from Victoria covers Plaintiff's claim against Rider.

## II. GROUNDS FOR REMOVAL

6. This action is removable to this Court under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446 because it is a dispute between citizens of different States, no properly joined defendant is a citizen of Missouri, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**A.    Diversity of Citizenship**

7. Plaintiff and her Next Friend are citizens and residents of Cape Girardeau County, Missouri.

8. Matthew Rider is a citizen and resident of Cape Girardeau County, Missouri.

9. Victoria is an insurance company incorporated and organized under the laws of the State of Ohio. Victoria's principal place of business is located in Ohio. Victoria is therefore a citizen of Ohio.

10. Although the state court proceedings have aligned M.I-S. as a plaintiff and Rider as a defendant, "it is well established that the designation of parties as plaintiff or defendant in the pleadings is not controlling in determining jurisdiction." *Dryden v. Dryden*, 265 F.2d 870, 873 (8th Cir. 1959). It is the duty of federal courts "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). To avoid a realignment, there must be an actual and substantial controversy between two parties. *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966).

11. In the State Court Action, Plaintiff's and Rider's interests are completely aligned against Victoria. Plaintiff and Rider entered into an agreement on January 5, 2018, in which Plaintiff agreed not to enforce any award or judgment against Rider, and Rider agreed not to oppose any award or judgment entered against him. See Exhibit C, Agreement between Plaintiff and Rider, ¶¶ 18, 20. Rider also agreed to pursue all potential claims against Victoria, and provide Plaintiff with any proceeds obtained against Victoria (after deducting Rider's attorney's fees). *See* Exhibit C, ¶ 25.

12. Consistent with that Agreement, on January 19, 2018, Rider filed a Response to [Plaintiff's] Application to Confirm Arbitration Award in which Rider indicated that he was not opposing the Complaint. *See* Exhibit D.

13. There is no question that both Plaintiff and Rider seek to have the arbitration award confirmed and a judgment entered against Rider, as they are working together to collect any such eventual judgment against Victoria. In fact, Rider (and his attorneys) are essentially working as the agents for Plaintiff to obtain proceeds from Victoria for the benefit of Plaintiff. Moreover, with respect to Rider's Counterclaim, both Plaintiff and Rider are equally interested in a finding of insurance coverage against Victoria. *See Randolph v. Employers Mut. Liability Ins. Co. of Wis.*, 260 F.2d 461, 464 (8th Cir. 1958) ("Even if [defendant] were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to [his] interest to have the judgment against him satisfied by his insurer"). Thus, in this case, the true dispute is between Plaintiff and Rider on one side (both citizens of Missouri) and Victoria (a citizen of Ohio) on the other. There is simply no actual or substantial conflict between Plaintiff and Rider, and therefore, the Court should realign the parties.

14. To the extent that there are numerous cases from federal district courts in Missouri that have declined an insurance company's request to realign parties upon removal from Missouri state court (*see e.g. Hart v. Knockerball MidMo, LLC*, No. 17-CV-04182, 2017 WL 6209235 (W.D. Mo. Dec. 8, 2017)) those cases are distinguishable from the instant case because, unlike here, those cases involved garnishment proceedings in Missouri state court pursuant to RSMo. § 379.200. The State Court Action does not involve a garnishment proceeding under RSMo. § 379.200.

4

8810039v.1
Case 4:18-cv-00112-RK   Document 1   Filed 02/12/18   Page 11 of 14

15. Therefore, upon proper realignment of the parties, this dispute is between citizens of different States pursuant to 28 U.S.C. § 1332(a)(1).

16. The "direct action" exception in 28 U.S.C. § 1332(c)(1)[1] does not apply in this case, because Rider's Counterclaim is a claim by the insured against his own insurer. *See Chinnock v. Safeco Nat. Ins. Co.*, No. 10-CV-04105, 2010 WL 2803056 (W.D. Mo. July 15, 2010).

**B.     Amount in Controversy Exceeds $75,000**

17. In the State Court Action, Plaintiff seeks to have an arbitration award confirmed in the amount of $20,400,000. *See* Complaint, Ex. 1 (Arbitration Award) and Ex. 2 (Proposed Judgment). Thus, there is no question that the amount in controversy in this case exceeds $75,000.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

18. This Notice of Removal is being brought within 30 days of Victoria first receiving the Complaint and being served with the Counterclaim. Therefore, this Notice of Removal is brought within the time required by 28 U.S.C. § 1446. A complete copy of the file in the State Court Action is attached hereto as Exhibit E. Thus, pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents on file with the Circuit Court for Jackson County are attached hereto.

19. The Circuit Court for Jackson County, Missouri is located within the Western Division of the Western District of Missouri. See 28 U.S.C. §§ 105(b)(1), 1441(a).

---

[1] That section states that in certain circumstances an insurer will be deemed a citizen of the State of which the insured is a citizen.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and Rider and a copy is being filed with the Clerk of the Circuit Court for Jackson County. *See* Notice to Plaintiff of Filing Notice of Removal.

21. A defendant's notice of removal need include only a short and plain statement of the grounds for removal containing plausible allegations supporting removal. A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). If the factual basis is challenged, discovery on the limited issues affecting jurisdiction should be permitted. *Id.* at 965-965.

WHEREFORE, Victoria Automobile Insurance Company respectfully removes this action from the Circuit Court of Jackson County, in the State of Missouri, bearing the cause number 1816-CV01050, to this Court.

Dated: February 12, 2018

    Respectfully submitted,

    WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER LLP

By: */s/Daniel E. Tranen*
    Daniel E. Tranen, #48585
    101 West Vandalia Street, Suite 220
    Edwardsville, IL 60625
    Phone: 618-307-4895
    Fax: 618.307-0221
    daniel.tranen@wilsonelser.com

    *Attorneys for*
    *Victoria Automobile Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Victoria Automobile Insurance Company's Notice of Removal was served by U.S. Mail, postage prepaid, on February 12, 2018, upon the following:

Tim E. Dollar
Tom Hershewe
Dollar Burns & Becker, L.C.
1100 Main Street, Suite 2600
Kansas City, Missouri 64105

*Counsel for Matthew Rider*

Alan S. Mandel
Mandel & Mandel, LLP
1108 Olive Street, Fifth Floor
Saint Louis, Missouri 63101

*Counsel for Plaintiff*

By: */s/ Daniel E. Tranen*